# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KATIE N. RAGSDALE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:10–0609 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| FREEMAN WEBB COMPANY d/b/a ) | |
| HERITAGE PLACE APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 21, 2010, the plaintiff, Katie Ragsdale, filed her Complaint alleging that she was fired from her position as the defendant's property manager on the basis of her age; that is, the defendant gave the 67-year-old plaintiff "unrealistic performance goals," fired her when she failed to meet those goals, and replaced her with a 24-year-old. (Docket No. 1 at 3-4.) The plaintiff asserted claims under Title VII (Count I), the Tennessee Human Rights Act (Count II), and for retaliatory discharge (Count III). (*Id.* at 4-6.)

On July 19, 2010, the defendant filed its Answer and a Partial Motion to Dismiss (Docket No. 5), which sought dismissal of (1) Count I because age discrimination claims must be brought under the Age Discrimination in Employment Act (ADEA), not Title VII and (2) Count III because there were no factual allegations that supported a retaliatory discharge claim. (Docket No. 5 at 3.) The defendant did not argue that the allegations of age discrimination would fail to state a claim if they had been pled under the appropriate statute.

On August 2, 2010, the plaintiff filed a brief response to the motion, an Amended Complaint (Docket No. 11) and a Motion for Leave to File an Amended Complaint (Docket No.

1

9), with a supporting memorandum. The plaintiff does not require leave to file an Amended Complaint because a party may file an amended complaint "as a matter of course" within 21 days of service of the answer or of a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 15(a)(1)(B). Therefore, the Motion for Leave (Docket No. 9) is **DENIED AS MOOT**.

The filing of an Amended Complaint generally moots a pending motion to dismiss. *See Ware v. C.R.. Bard, Inc.*, 2007 WL 2463286, *2 (E.D. Tenn. Aug. 28, 2007); *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007)(collecting cases). Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 2009 WL 3029661, *4 (S.D. Ohio Sept. 16, 2009). Here, the Amended Complaint abandons the retaliatory discharge claim and corrects Count I so that it alleges a violation of the ADEA, not Title VII. (Docket No. 11.) As the Amended Complaint is clearly not "substantially identical" to the original complaint, the defendant's Partial Motion to Dismiss (Docket No. 5) is also **DENIED AS MOOT.**

It is so ordered.

Enter this 12th day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge

2